ORDER
HACKNEY, JUDGE:
An application of the claimant, Erica Boatwright, for an award under the West *334 Virginia Crime Victims Compensation Act, was filed November 2, 2006. The report of the Claim Investigator, filed March 21,2007, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on June 13, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed August 24,2007. This matter came on for hearing November 30, 2007, claimant appearing pro se and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On March 7, 2006, the 28-year-old claimant was the victim of criminally injurious conduct in Holden, Logan County. The claimant was visiting the home of David Cyrus’ mother when an unknown male individual pulled out a gun and shot Mr. Cyrus in the arm. The bullet exited Mr. Cyrus’ arm and struck the claimant in the cheek.
The claimant testified at the hearing of this matter that on March 7, 2006, she had gone to the residence of David Cyrus’ mother to visit. The claimant knew Mr. Cyrus because her cousin dated him. At the time of the incident, the claimant stated that Mr. Cyrus and another unidentified individual were pretending to rob the house. Mr. Cyrus pretended to break in through the front door and another individual, whom the claimant did not recognize, pretended to break in through the back door. Both individuals, who were wearing face masks, ordered everyone on the floor. Mr. Cyrus and the other individual also ordered the guests to remove their clothes. The claimant realized that it was a prank because she noticed that Mr. Cyrus was laughing when he took off his face mask. A male individual inside the residence, unaware of the prank, pulled out a gun and shot Mr. Cyrus in the arm. The bullet then struck the claimant in the cheek. The alleged offender’s identity is unknown at this time.
After the incident, the claimant was taken to Logan Regional Medical Center where she was treated for a gunshot wound to the right cheek. Although the medical records indicate that the claimant was uncooperative, she stated that she could not cooperate because her jaw was stinging from the bullet wound. However, after she received treatment, she tried to cooperate with the police. Jacqueline Olvert, the claimant’s mother, was present at the hospital when the police were conducting their investigation. Ms. (Divert testified that the police asked the claimant very few questions and wrote down her responses. Although the police requested that the claimant wear a wire to further investigate the incident, she declined.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant failed to cooperate with law enforcement officials. W.Va. Code § 14-2A-14(d) provides: “A judge ... upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies... may deny a claim, reduce an award of compensation, or reconsider a claim already approved.” Previous rulings of the Court have held that because a claimant did not assist in the prosecution of the offender, such inaction constitutes a failure to cooperate with law-enforcement officials, and no award should be made.
The Claim Investigator’s original finding was that the claimant failed to cooperate with law-enforcement officials. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she did in fact cooperate with law-enforcement officials in the prosecution of the offender. The claimant testified that she *335 cooperated with law-enforcement officials at the hospital, but she was suffering from pain due to the injury to her jaw. Claimant’s mother, Jacqueline Olvert, further testified that the claimant cooperated with the police at the hospital. In light of the evidence put forth by the claimant, the Court is of the opinion that she has met her burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant did cooperate to the extent possible. However, the claimant has failed to provide the Court with evidence of her unreimbursed allowable expenses. Further review by the Claim Investigator has revealed that the bill submitted from Logan Regional Medical Center was covered under Medicaid. Another bill, from University Surgical Associates, could not be verified as being outstanding.
The Court is constrained by the evidence to reverse its previous ruling. In the event that the claimant later submits documentation of any unreimbursed allowable expenses relating to the incident, the claim may be reviewed again by the Court.